# EXHIBIT A

**49D07-1712-PL-046257**

Marion Superior Court, Civil Division 7

Filed: 12/17/2017 1:54 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) ss: | CIVIL DIVISION, ROOM 7 |
| COUNTY OF MARION | ) | CAUSE NO.  49D07-1712-PL-046257 |

| | |
|---|---|
| DAUGHANA CUROTHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THERMO FISHER SCIENTIFIC, INC. | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

TO DEFENDANT:      Thermo Fisher Scientific, Inc.
                                c/o CAPITOL CORPORATE SERVICES INC
                                155 E. MARKET STREET, SUITE 800
                                INDIANAPOLIS, IN, 46204

        You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

        The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

        An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

        If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

        If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (317/269-2222) or the Putnam County Bar Association.

Dated _____    _____    _____(Seal)
                                             Clerk, Court

**(The following manner of service of summons is hereby designated.)**

_____X_____    Registered or certified mail.
_____    Service at place of employment, to-wit: _____
_____    **Service on individual - (personal) at above address.**
_____    Service on agent. (Specify) _____
_____    Other Service. (Specify) _____

Attorney for Plaintiff:    Jay Meisenhelder (19996-49)
                                    JAY MEISENHELDER EMPLOYMENT
                                    & CIVIL RIGHTS LEGAL SERVICES, P.C.
                                    650 North Girls School Road, Suite B20
                                    Indianapolis, IN 46214
                                    Office Telephone:        317/231-5193
                                    Direct Telephone:        317/899-9220
                                    Facsimile Number:        317/982-5463
                                    Email Address:            jaym@ecrls.com

### *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the _____ day _____, 2017:

(1) By delivering a copy of the Summons and a copy of the complaint to:
_____

(2) By leaving a copy of the Summons and a copy of the complaint at: _____
_____, which is
the usual address of _____, and by mailing a copy of the Summons to:
_____at the
above address.

(3) Other Service or Remarks: _____
_____

_____ Sheriff of _____ County
Sheriff's Costs
        By: _____
                        Deputy

### *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the _____ day of _____, 2017, I mailed a copy of this summons and
a copy of the complaint to the registered agent for defendant, _____, by Certified
Mail, Return Receipt Requested, at the address furnished by the plaintiff.

Dated: _____                         _____
                                                                     County Clerk

By: _____
            Deputy

### *RETURN ON SERVICE OF SUMMONS BY MAIL*

    I hereby certify that the attached return receipt was received by me showing that:

_____ (1)  The Summons and a copy of the complaint mailed to the registered agent for defendant,
_____, was accepted by the registered agent for defendant on _____.

_____ (2)  The attached return receipt was received by me showing that the Summons and a copy of the
complaint  mailed to the registered agent for defendant, _____, was accepted
by _____ on behalf of said registered agent for defendant on _____.

_____ (3)  The attached return receipt was received by me showing that the Summons and a copy of the complaint
was return not accepted on _____.

_____
            County Clerk

By: _____
                    Deputy

49D07-1712-PL-046257
Marion Superior Court, Civil Division 7

Filed: 12/17/2017 1:54 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) ss: | CIVIL DIVISION, ROOM _____ |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

DAUGHANA CUROTHERS,        )
)
                 **Plaintiff,**    )
)
           **v.**                 )
)
**THERMO FISHER SCIENTIFIC,**  )
**INC.,**                        )
)
              **Defendant.**   )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

Plaintiff Daughana Curothers ("Curothers") sues her former employer, Thermo Fisher Scientific, Inc. ("TFS"), for unpaid wages pursuant to the Indiana Wage Payment Act ("WPA"), Ind. Code 22-2-5, and the Indiana Wage Claim Act ("WCA"), Ind. Code 22-2-9). Additionally, Curothers sues TFS for wrongful termination pursuant to Ind. Code 34-28-7-1, *et seq.*, and Indiana common law.

### II. PARTIES, JURISDICTION, AND VENUE

1.      Curothers is a resident of Indianapolis, Marion County, Indiana, and at all times relevant to this Complaint was an employee of Defendant TFS, working within the geographic boundaries of Marion County.

2.      TFS is a foreign, for-profit corporation, which at all times relevant to this Complaint has maintained facilities and conducted business within the geographic boundaries of Marion County.

3.      This Court has jurisdiction pursuant to Ind. Code 33-29-1-1.5.

4.      With respect to her Indiana Wage Claim, Curothers has requested and received from the Office of the Indiana Attorney General, permission to pursue that claim through a private counsel designated by the Attorney General.

5.      All actions pertaining to this Complaint having occurred within the geographic boundaries of Marion County, venue is proper in this Court.

### III. FACTUAL ALLEGATIONS

6.      Curothers was employed by TFS as a Packaging Technician at its operations located within the Eli Lilly & Co. facility at 1221 West Morris Street, in Indianapolis, Indiana.

7.      Her most recent employment with TFS began on January 1, 2017, and ended with her termination on October 4, 2017.

8.      At the time she was hired, Curothers was told her pay would be $14.00 per hour. Instead, she learned when she received her first pay check, that she was only being paid $13.00 per hour.

9.      In approximately May 2017, Curothers was informed by her HR representative that in fact, she should have been receiving $14.00 per hour *from the beginning of her employment*.

10.     Two other TFS employees hired the same day as she, had, in fact, been paid $14.00 from the beginning.

11.     Between her start date on January 1, 2017, and her termination on October 4, 2017, she worked a total of 39 weeks and two days, for a total of 1,576 hours.

12.     Curothers never received a paycheck based on the correct pay rate prior to her October 4, 2017, termination. However, on October 13, 2017, Ms. Curothers received a check for $638.50, as retroactive payment from May through October, leaving a balance of $937.50 due.

13.     In addition, the paycheck Curothers received for September 25, 2017, was for

$338.00, rather than the $643.50 it should have been. It was short, without explanation, by $305.50.

14.     On October 4, 2017, Curothers was summoned to the locker room. Upon arriving, she found a police officer, her supervisor, and an HR representative waiting for her. She also observed that her locker had been forced open.

15.     Curothers was informed that the company had received a tip that she had a handgun in her locker.

16.     Although Curothers' locker was searched, there was no weapon.

17.     Curothers was asked if she had a weapon. Curothers replied that she had a handgun in her vehicle, and added that she had a license to carry the weapon.

18.     During the conversation, Curothers noted that she had begun carrying the weapon in 2016, during a previous term of employment at TFS.

19.     Curothers **did not say she had _ever_ carried the weapon into the facility.**

20.     Curothers' supervisor informed her that she was being placed on paid leave, pending further information.

21.     On October 5, TFS's HR representative called Ms. Curothers and informed her that she was being terminated because she had "admitted to carrying a weapon *in the facility* in 2016."

## IV. LEGAL ALLEGATIONS

### Count 1: Violation of the Indiana Wage Payment Act, January 1 through May 1, 2017

22.     Curothers incorporates all the allegations in paragraphs one (1) through twenty-one (21), as though fully set forth herein.

23.     An employer shall pay every employee at least biweekly, and pay all wages earned to a date not more than ten (10) business days prior to the date of payment. Ind. Code 22-2-5-1.

24.     Between her start date on January 1, 2017, and May 1, 2017, Curothers worked a total

of 17 weeks and two days, for a total of 696 hours, and was thus owed a total of $696.00 in unpaid wages for that period.

25.    Curothers was never paid for those hours.

26.    TFS's failure to pay Curothers the wages she was due for the period from January 1, 2017, through May 1, 2017, constitutes a violation of the WPA.

27.    If the employer was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee.  Ind. Code 22-2-5-2.

28.    TFS's failure to pay was intentional, willful, and/or was done with reckless disregard to Curothers' rights, and therefore, TFS acted in bad faith.

29.    TFS is liable to Curothers in the amount of $2,088.00 in unpaid wages and liquidated damages for TFS's violation of the WPA.

**Count 2: Violation of the Indiana Wage Payment Act, May 1 - October 4, 2017**

30.    Curothers incorporates all the allegations in paragraphs one (1) through thirty (30), as though fully set forth herein.

31.    An employer shall pay every employee at least biweekly, and pay all wages earned to a date not more than ten (10) business days prior to the date of payment.  Ind. Code 22-2-5-1.

32.    Between May 1, 2017, and her termination on October 4, 2017, Curothers worked a total of 22 weeks and three days, for a total of 904 hours, and was thus owed a total of $904.00 in unpaid wages for that period.

33.    On October 13, 2017, Ms. Curothers received a check for $638.50, as retroactive payment from May 1, 2017, through October 4, 2017, leaving a balance due of $265.50 due.

34.    TFS's failure to pay Curothers the wages she was due for the period from January 1,

2017, through May 1, 2017, constitutes a violation of the WPA.

35.     If the employer was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee.  Ind. Code 22-2-5-2.

36.     TFS's failure to pay was intentional, willful, and/or was done with reckless disregard to Curothers' rights, and therefore, TFS acted in bad faith.

37.     TFS is liable to Curothers in the amount of $795.50 in unpaid wages and liquidated damages for TFS's violation of the WPA.

### Count 3: Violation of the Indiana Wage Payment Act, September 25, 2017

38.     Curothers incorporates all the allegations in paragraphs one (1) through thirty-seven (37), as though fully set forth herein.

39.     An employer shall pay every employee at least biweekly, and pay all wages earned to a date not more than ten (10) business days prior to the date of payment.  Ind. Code 22-2-5-1.

40.     The paycheck Curothers received for September 25, 2017, was for $338.00, rather than the $643.50 it should have been, a shortage of $305.50.

41.     Curothers was never compensated for that shortage.

42.     Curothers was owed a total of $305.50 in unpaid wages as of September 25, 2017.

43.     TFS's failure to pay Curothers the wages she was due for the pay period ending September 25, 2017, constitutes a violation of the WPA.

44.     If the employer was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee.  Ind. Code 22-2-5-2.

45.     TFS's failure to pay was intentional, willful, and/or was done with reckless

disregard to Curothers' rights, and therefore, TFS acted in bad faith.

46.     TFS is liable to Curothers in the amount of $916.50 in unpaid wages and liquidated damages for TFS's violation of the WPA.

### Count 4: Violation of the Indiana Claim Payment Act

47.     Curothers incorporates all the allegations in paragraphs one (1) through forty-six (46), as though fully set forth herein.

48.     TFS owed Curothers a total of $3,800.00 at the time she was terminated.

49.     An employee who is involuntarily terminated, shall be paid all wages due to her not later than the next regularly scheduled payday after the termination.  Ind. Code 22-2-9.

50.     The "next regularly scheduled payday" after Curothers' termination was October 13, 2017.  Curothers received only $638.50 on October 13, 2017, a shortage of $3,161.50.

51.     TFS's failure to pay Curothers "all wages due" to her by October 13, 2017, constitutes a violation of the WCA.

52.     A prevailing employee in a WCA claim shall receive liquidated damages of two times the total amount owed, unless the employer can demonstrate that the violation was made in good faith.

53.     TFS's failure to pay was intentional, willful, and/or was done with reckless disregard to Curothers' rights, and therefore, TFS acted in bad faith.

54.     TFS is liable to Curothers in the amount of $9,484.50 in unpaid wages and liquidated damages for TFS's violation of the WPA.

### Count 5: Wrongful Termination - Violation of Ind. Code 34-28-7-2

55.     Curothers incorporates all the allegations in paragraphs one (1) through fifty-four (54), as though fully set forth herein.

56.     "[A]n [employer] may not adopt or enforce an ordinance, a resolution, a policy, or a rule that: (1) prohibits; or (2) has the effect of prohibiting; an employee . . . from possessing a firearm or ammunition that is locked in the trunk of the employee's vehicle, kept in the glove compartment of the employee's locked vehicle, or stored out of plain sight in the employee's locked vehicle."  Ind. Code 34-28-7-2.

57.     TFS received a report that Curothers' had a handgun in her locker.

58.     TFS searched Curothers locker and found no handgun.

59.     Curothers admitted she had a handgun in her vehicle, and that she had carried it since 2016.

60.     TFS to interpret Curothers' s statement that she began *carrying* the weapon in 2016, as an admission that she had brought the weapon *into* the facility.

61.     TFS's action constitutes a policy and/or a rule that an employee may be terminated based on a report that the employee possessed a handgun inside the employer's property even when the handgun is not found inside the employers property, but is locked in the trunk of the employee's vehicle, kept in the glove compartment of the employee's locked vehicle, or stored out of plain sight in the employee's locked vehicle."

62.     TFS's policy and/or rule "has the effect of prohibiting; an employee . . . from possessing a firearm or ammunition that is locked in the trunk of the employee's vehicle, kept in the glove compartment of the employee's locked vehicle, or stored out of plain sight in the employee's locked vehicle."

63.     TFS terminated Curothers in violation of Ind. Code 34-28-7-2.

64.     As a direct and proximate result of TFS's unlawful actions, Curothers has suffered, and continues to suffer, harm, including but not limited to loss of employment, wages, and benefits;

and attorney fees.

## Count 6: Common Law Wrongful Termination

65.     Curothers incorporates all the allegations in paragraphs one (1) through sixty-four (64), as though fully set forth herein.

66.     Ind. Code 34-28-7-2 affords Curothers a statutorily conferred right to possess a firearm or ammunition that is locked in the trunk of her vehicle, kept in the glove compartment of her locked vehicle, or stored out of plain sight in her locked vehicle.

67.     TFS terminated Curothers solely for exercising that statutorily conferred right.

68.     When an employee is discharged solely for exercising a statutorily conferred right, it creates an exception to the general rule of employment-at-will, and constitutes wrongful termination under Indiana common law.

69.     As a direct and proximate result of TFS's wrongful termination, Curothers has suffered, and continues to suffer, harm, including but not limited to loss of employment, wages, and benefits; and attorney fees.

70.     TFS's action was intentional, willful, and/or taken with reckless disregard for Curothers' rights under Ind. Code 34-28-7-2, and TFS is liable for punitive damages.

## V.  RELIEF REQUESTED

WHEREFORE, Plaintiff Daughana Curothers requests that the Court enter judgment in her favor on all counts and Order TFS to provide the following relief:

71.     Pay Curothers all wages she is owed due to TFS's violations of the WPA and WCA;

72.     Pay Curothers liquidated damages in an amount equal to two times the amount of wages she is owed;

73.     Immediately cease and desist its unlawful policy with respect to Ind. Code 34-28-7-2;

74.     Reinstate Curothers to the position she would have had, but for TFS's unlawful actions, or award her front pay in lieu thereof;

75.     Pay Curothers all wages due from the date of her termination;

76.     Pay Curothers punitive damages, in an amount sufficient to deter TFS from future unlawful conduct;

77.     Pay Curothers' reasonable attorney fees and costs of litigation; and

78.     Provide any and all other relief to which Curothers is entitled.

## VI. DEMAND FOR JURY TRIAL

Plaintiff Daughana Curothers demands a jury trial on all issues so triable.

Respectfully submitted,

_s/ Jay Meisenhelder_
Jay Meisenhelder, Atty. No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite B20
Indianapolis, IN 46214
Office Telephone:     317/231-5193
Direct Telephone:     317/899-9920
Facsimile Number:     317/982-5463
Email Address:          jaym@ecrls.com